IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA HERNANDEZ, ) | |
| ) | Case No. 1:23-cv-15807 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, BRENDA HERNANDEZ, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, WELLS FARGO BANK, N.A., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. BRENDA HERNANDEZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's Wells Fargo Account").

7. At all relevant times, Plaintiff's Wells Fargo Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Wells Fargo Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. WELLS FARGO BANK, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is incorporated in the State of Illinois.

10. At all relevant times, Defendant was a bank that held Plaintiff's Wells Fargo Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, unknown third parties identified on Plaintiff's bank statements only as "Gabriele," "Kenelyn van der Biest," and "Adrienne Ramos" received funds from Plaintiff's Wells Fargo Account, which were transferred to these third parties via an electronic terminal, telephonic instruction or computer or magnetic tape after said third parties instructed Defendant to transfer funds to these third parties from Plaintiff's Wells Fargo Account.

## IV.    ALLEGATIONS

14. On or about August 3, 2023, $1,000.00 was debited from Plaintiff's Wells Fargo Account by Gabrielle through the use of the Zelle payment system in two separate $500 transactions.

15. Plaintiff does not know "Gabrielle" and has had no dealings or transactions with any such person.

16. On or about August 4, 2023, $9,500.00 was debited from Plaintiff's Wells Fargo Account by an apparent domestic wire transfer by Kenelyn Van der Biest.

17. Plaintiff does not know anybody named Kenelyn Van der Biest and has had no dealings or transactions with any such person.

18. On or about August 4, 2023, $4,000.00 was debited from Plaintiff's Wells Fargo Account by an apparent domestic wire transfer by Arienne Ramos.

19. Plaintiff does not know anybody named Adrienne Ramos and has had no dealings or transactions with any such person.

20. On or about August 4, 2023, another $1,000.00 was debited from Plaintiff's Wells Fargo Account by Gabrielle through the Zelle payment system.

21. On or about August 7, 2023, another $1000.00 was debited from Plaintiff's Wells Fargo Account by Gabrielle through the Zelle payment system.

22. Plaintiff did not provide these third parties with consent to debit funds from Plaintiff's Wells Fargo Account on August 3, 4 and 7, 2023 in any manner.

23. Plaintiff did not provide Defendant with consent for these third parties to debit funds from Plaintiff's Wells Fargo Account on August 3, 4 and 7, 2023 in any manner.

24. Upon information and belief, Plaintiff's Wells Fargo Account was compromised when Plaintiff had her cell phone stolen from her on a trip to Columbia prior to the theft of her funds.

25. Plaintiff reported the loss of her phone and the theft of her information to Defendant on or about August 6, 2023.

26. On August 7, 2023, Plaintiff ascertained that $16,500.00 was debited from Plaintiff's Wells Fargo Account.

27. On August 7, 2023, Plaintiff provided Defendant with notice that she disputed the debit of funds by these third parties relative to Plaintiff's Wells Fargo Account on August 3, 4 and 7, 2023.

28. On August 7, 2023, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's Wells Fargo Account, such as:

    a. Plaintiff's Wells Fargo Account number;

    b. Plaintiff's personal identifying information;

    c. The name under which Plaintiff's Wells Fargo Account was registered;

    d. The date of the transaction which Plaintiff disputed relative to Plaintiff's Wells Fargo Account;

    e. The amount of the transaction which Plaintiff disputed relative to Plaintiff's Wells Fargo Account; and,

29. On August 7, 2023, Plaintiff provided Defendant with notice that she believed the debit of funds by these third parties relative to Plaintiff's Wells Fargo Account on August 3, 4 and 7, 2023 were unauthorized transfers of funds from Plaintiff's Wells Fargo Account to these third parties.

**COUNT I – VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFERS ACT**

30. Plaintiff re-alleges paragraphs 1- 29 as though fully set forth herein.

31. On August 7, 2023, Plaintiff provided Defendant with notice that she believed the debit of funds by Gabirelle relative to Plaintiff's Wells Fargo Account on August 3, 4 and 7, 2023 were unauthorized electronic transfers of funds from Plaintiff's Wells Fargo Account.

32. On August 7, 2023, Plaintiff informed Defendant that she did not provide Gabrielle with consent to debit funds from Plaintiff's Wells Fargo Account on August 3, 4 and 7, 2023.

33. On August 7, 2023, Plaintiff provided Defendant with notice of the circumstances as to why Plaintiff believed the debit of funds by Gabrielle on August 3, 4 and 7, 2023, was carried out in error, such as:

   a. Plaintiff does not know this Gabrielle person and never authorized the debit of funds from Plaintiff's Wells Fargo Account;

   b. Plaintiff never provided Gabrielle with permission, consent or authority to debit funds from Plaintiff's Wells Fargo Account;

   c. Plaintiff's phone was stolen while out of the country;

34. To date, Defendant failed conducted any investigation relative to the error complained of by Plaintiff within ten (10) days of the receipt of Plaintiff's dispute in violation of 15 U.S.C. §1693f(a).

35. On August 9, 2023, Defendant provided a response to Plaintiff's dispute stating that the transactions were made through a secure online banking session by Plaintiff or someone with her authority.

36. Plaintiff never engaged in any secure online banking session on August 3, 4, or 7, 2023.

37. Plaintiff did not provide any person or entity with authority to enter into a secure online banking session on Plaintiff's behalf.

38. Defendant's investigation was not made in good faith and Defendant did not have a reasonable basis for denying the return of Plaintiff's funds in violation of 15 U.S.C. §1693f(e)(1).

39. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

40. Presently, Plaintiff remains without the $3,000.00 debited by Gabrielle through the use of Zelle from Plaintiff's Wells Fargo Account.

41. Defendant violated the Electronic Funds Transfers Act by holding Plaintiff liable for in excess of $50 on the aforementioned unauthorized transfers and has failed to refund the money into her account in violation of 15 U.S.C. §1693g(a).

42. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, BRENDA HERNANDEZ, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

**COUNT II – VIOLATION OF UNIFORM COMMERCIAL CODE ARTICLE 4A.**

43. Plaintiff re-alleges paragraphs 1 – 42 above as though fully set forth herein.

44. Uniform Commercial Code (U.C.C.) §4A-201 provides a security procedure as an "established by agreement of a customer and a receiving bank for the purpose of (i) verifying that

a payment order or communication amending or cancelling a payment order is that of the customer, or (ii) detecting error in the transmission or the content of the payment order or communication.

45. Defendant's security procedures provided to its customers provides "the security procedure consists of verifying your username and a password, and/or such other additional security and authentication methods as we may require from time to time. We may also require you to answer security questions, use random number generators, or one-time passcodes to further verify an Order initiated on the Website from your Wires Funding Eligible Account."

46. Plaintiff and Defendant have not made any other good faith agreements on any other security procedures.

47. Prior to making the transfers delineated above, Plaintiff did not receive any request from Defendant to verify her username and password and Plaintiff did not provide her user name and password.

48. Prior to making the transfers Plaintiff was not given security questions, random number generators or any on-line passcodes.

49. Prior to making the transfers delineated above, no other authorized signer on the account received any call from Defendant.

50. Defendant did not accept any payment order from the Plaintiff in good faith and in compliance with the security procedure of Defendant.

51. U.C.C. §4A-202(a) provides that a payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency.

52. At no time was any payment order authorized by Plaintiff.

53. Plaintiff was not bound to make any payment on behalf of any agent or employee and was not otherwise bound to make any payment under the law of agency.

54. Any payment instruction to Defendant purporting to instruct a payment from Plaintiff's Account would erroneously instruct payment to an unintended beneficiary, and therefore Plaintiff is not obliged to pay the order under U.C.C. §4A-205(a)(2).

55. Plaintiff has been damaged by being left without her funds as a result of Defendant's violations of the U.C.C. and holding Plaintiff liable for the erroneous and unauthorized payments in the amount of $13,500.

WHEREFORE, Plaintiff prays for judgment in her favor for all actual and compensatory damages recoverable.

### V. JURY DEMAND

56. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**BRENDA HERNANDEZ**

By: ___s/ David M. Marco___
Attorney for Plaintiff

Dated: November 9, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com